PARIENTE, J.,
specially concurring.
I concur in the majority’s opinion that the attorney, not the defendant who is represented by counsel, bears the ultimate responsibility for whether to call witnesses and which witnesses to call. However, I write to emphasize two points. First, the attorney’s decision whether to present witnesses and which witnesses to call may raise the issue of whether the decision constitutes reasonable strategy and thus may be subject to a postconviction challenge under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Second, and related to the first point, I also emphasize that, although the right to call witnesses may not be the defendant’s ultimate decision, it is nevertheless a “fundamental element of due process of law,” Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), and one in which the defendant should be consulted. As to the fundamental nature of this right, the Sixth Amendment to the United States Constitution, entitled “Jury trials for crimes and procedural rights,” states in pertinent part: “In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his de-fence.” (Emphasis added.) Florida’s Constitution tracks this language in article I, section 16(a). Therefore, it must be acknowledged that the right to call witnesses is a valuable constitutional right. See, e.g., Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (“Few rights are more fundamental than that of an accused to present witnesses in his own defense.”). Indeed, the same risks inherent in calling a particular witness are also present in the defendant’s decision to testify, such as prior inconsistent statements, prior convictions, inconsistent defense, or overall unfavorable impression on the jury.
The right to call witnesses, however, has not been placed in the same category as the right to testify so as to require the defendant’s explicit consent. Nevertheless, the attorney’s decision whether to call witnesses, as opposed to what type of questioning to employ, is an important strategic decision that should require consultation with the defendant. As explained in Florida v. Nixon,
An attorney undoubtedly has a duty to consult with the client regarding “important decisions,” including questions of overarching defense strategy. Strickland, 466 U.S., at 688 [104 S.Ct. 2052]. That obligation, however, does not require counsel to obtain the defendant’s consent to “every tactical decision.” *1209 Taylor v. Illinois, 484 U.S. 400, 417-418 [108 S.Ct. 646, 98 L.Ed.2d 798] (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client’s approval).
543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). Indeed, as noted in Nixon, defense counsel was obliged to, and in fact several times did, explain his proposed trial strategy to the defendant. See id. at 181-82, 186-87, 125 S.Ct. 551.
In conclusion, in this case, I agree with the majority that the defendant does not have the ultimate authority to decide whether to call witnesses when represented by an attorney even though the right to call witnesses is one of the defendant’s fundamental constitutional rights. Rather, the failure of defense counsel to call witnesses requested by the defendant should be evaluated in a postconviction setting regarding whether the defense counsel made a reasonable strategic determination, after examining all applicable considerations.